IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 12–cv–00608–MSK–KMT


RIPPLE RESORT MEDIA, INC., an Indiana corporation,

      Plaintiff,

v.

BRAND CONNECTIONS, LLC, a New Jersey limited liability company,
KEEPLAN WINTER SPORTS, LLC, a New Jersey limited liability company,
PERPETUAL PRODUCTS CO., a Utah corporation,
ASC UTAH, LLC, a Utah limited liability company d/b/a CANYONS,
JACKSON HOLE MOUNTAIN RESORT CORPORATION, a Wyoming corporation, d/b/a
JACKSON HOLE MOUNTAIN RESORT, and
ALPINE MEADOWS SKI CORPORATION, a California corporation d/b/a ALPINE
MEADOWS,

      Defendants.

---

## ORDER

---

    This matter is before the court on Plaintiff's "Motion for Leave to File Second Amended Complaint." (Doc. No. 16, filed Apr. 4, 2012 [Mot.].)  In its Motion, Plaintiff seeks leave to amend its First Amended Complaint (Doc. No. 7, filed Mar. 26, 2012) to correctly name the defendant doing business as Alpine Meadows as Alpine Sierra Ventures, LLC, rather than as Alpine Meadows Ski Corporation.  (*See* Mot.)

    Pursuant to Fed. R. Civ. P. 15(a), "[t]he court should freely give leave [to amend the pleadings] when justice so requires."  *See also York v. Cherry Creek Sch. Dist. No. 5,* 232 F.R.D.

648, 649 (D. Colo. 2005); *Aspen Orthopaedics & Sports Medicine, LLC v. Aspen Valley Hosp.*

*Dist.,* 353 F.3d 832, 842 (10th Cir. 2003).  The Supreme Court has explained the circumstances

under which denial of leave to amend is appropriate.

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper
> subject of relief, he ought to be afforded an opportunity to test his claim on the
> merits.  In the absence of any apparent or declared reason-such as undue delay,
> bad faith or dilatory motive on the part of the movant, repeated failure to cure
> deficiencies by amendments previously allowed, undue prejudice to the opposing
> party by virtue of allowance of the amendment, futility of amendment, etc.-the
> leave sought should, as the rules require, be "freely given."  Of course, the grant
> or denial of an opportunity to amend is within the discretion of the District Court,
> but outright refusal to grant the leave without any justifying reason appearing for
> the denial is not an exercise of discretion; it is merely abuse of that discretion and
> inconsistent with the spirit of the Federal Rules.

*Foman v. Davis*, 371 U.S. 178, 182 (1962).  *See also Triplett v. LeFlore County, Okl.*, 712 F.2d

444, 446 (10th Cir. 1983).

The case is in the early stages of litigation.  Indeed, Defendants have not yet entered their

respective appearances in this case, and the court has yet to enter a scheduling order setting a

deadline for amending the pleadings.  *See* Fed. R. Civ. P. 16(b)(3)(A).  Moreover, Plaintiff's

Motion does not seek to make substantive changes to the First Amended Complaint.  Rather, it

merely seeks to cure a technical defect as to the correct identity of the defendant operating

Alpine Meadows.  Finally, the court finds no showing of undue delay, bad faith or dilatory

motive,

undue prejudice, or futility.

Therefore, it is

**ORDERED** that Plaintiff's "Motion for Leave to File Second Amended Complaint"

(Doc. No. 16) is **GRANTED**.  The Clerk of Court is directed to file Plaintiff's Second Amended

Complaint (Doc. No. 16-1).

Dated this 9th day of April, 2012.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge